UPSTATE PERSONAL LOAN CORPORATION, Respondent, *v.* ARTHUR B. GILMAN and RUTH A. GILMAN, Appellants, Impleaded with HARRY DEMON and LEVI BACORN, Copartners Doing Business under the Firm Name and Style of DEMON AND BACORN, Defendants.

Third Department, April 30, 1941.

*Thomas M. Losie* and *Gaylord Riggs* [*David Horwitz* of counsel], for the appellants.

*John J. Conway,* for the respondent.

SCHENCK, J. The plaintiff-respondent is a corporation organized under the laws of the State of New York and licensed by the Superintendent of Banks as a personal loan corporation. As such, it loaned to the defendants-appellants Gilman the sum of $300, receiving from them a promissory note which by its terms provided the manner by which said loan should be repaid, and as security for the payment of said note, the defendants-appellants Gilman executed and delivered to plaintiff-respondent a chattel mortgage which has been duly filed. By the terms of said note defendants-appellants Gilman were to pay the sum of $21.54 on February 9, 1939, and a like sum on the ninth day of each succeeding month for a period of eighteen months, which payments included interest on said loan at the rate of three per cent per month on the unpaid balance of not to exceed $150 and at the rate of two and one-half per cent per month on the remainder of the unpaid balance. Defendants-appellants paid four such monthly payments and two additional payments of two dollars each, the last of which was made September 25, 1939, and of the payments so made plaintiff-respondent applied the sum of $46.14 on the principal, and the sum of $44.02 was applied to interest. No further payments were made and action was commenced against the defendants-appellants.

The affidavit of the attorney for the plaintiff discloses that the original complaint drawn by him contained a transposition of figures as to payments of principal and interest made by defendants-appellants. His affidavit sets forth that this was an error and that the original pleading did not correctly set forth the cause of action intended to be asserted. Thereafter, an amended complaint correctly stating the cause of action intended to be asserted has now been served and supersedes the original complaint.

While the answers of defendants-appellants to the original complaint and to the amended complaint appear to set up the defense of usury, this defense is not founded upon the original note but is based wholly upon the erroneous transposition of principal and interest payments, which error was made by the attorney for the plaintiff-respondent, and which was corrected in the amended complaint. Clearly, the transaction between the parties was in accordance with the statutes covering loans of this type, and the error in transposing payments of principal as set forth in the original complaint was corrected by the service of the amended complaint which superseded it. The amended complaint sets forth a cause

of action. The error in pleading which was disaffirmed by the subsequent amendment was not irrevocable.

Plaintiff can only recover, if successful on a trial of this action, the amount demanded in the amended complaint. It is not necessary to determine the other questions raised by defendants-appellants which were not argued or passed upon by the Special Term.

The order of the Special Term should be affirmed.

HILL, P. J., BLISS, HEFFERNAN and FOSTER, JJ., concur.

Order affirmed, without costs.